**POPCAP GAMES, INC., Appellant**

v.

**MUMBOJUMBO, LLC; MumboJumbo Distribution, LLC f/k/a Texas United Distribution, LLC; Jay Dinucci; Mark Cottam; and Strategic Marketing Partners, Inc., Appellees.**

No. 05–10–00301–CV.

Court of Appeals of Texas, Dallas.

July 30, 2010.

Ben Taylor, Jason Keith Fagelman, Michael A. Swartzendruber, Oscar Rey Rodriguez, Fulbright & Jaworski L.L.P., Dallas, for appellant.

Martin E. Rose, Steven Dominic Sanfelippo, Michael D. Richardson, Michael Ross Cunningham, Rose Walker, L.L.P., Dallas, for appellees.

Jonathan A. Pace, for Strategic Marketing Partners, Inc.

Before Chief Justice WRIGHT and Justices O'NEILL and MYERS.

## OPINION

Opinion by Chief Justice WRIGHT.

The Court has before it appellant's motion to vacate the trial court's order declaring its supersedeas bond insufficient. For the reasons that follow, we grant the motion.

The underlying case involves claims for breach of contract and fraud. After filing its appeal, PopCap filed a supersedeas bond in the amount of $5,400,000, along with $20,000 additional security. Mumbo-Jumbo then filed a motion in the trial court seeking to declare the amount of the

bond insufficient, because PopCap did not include the amount of attorney's fees awarded to MumboJumbo in calculating the amount of the bond. The trial court granted MumboJumbo's motion and ordered PopCap to post additional security in the amount of $2,148,948. PopCap then filed a motion in this Court seeking to overturn the trial court's decision.

The supersedeas bond requirements are set out in Chapter 52 of the Texas Civil Practice and Remedies Code. Prior to 2003, appellants were required to supersede the total amount of a money judgment, plus interest and costs. In 2003, the legislature passed House Bill 4, which amended Chapter 52. Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 7.02, 7.03, 2003 Tex. Gen. Laws 847, 863 (current version at TEX. CIV. PRAC. & REM.CODE ANN. §§ 52.001–.006 (Vernon 2008)). After that amendment, appellants were required to post an amount of security equal to the sum of: "(1) the amount of compensatory damages awarded in the judgment; (2) interest for the estimated duration of the appeal; and (3) costs awarded in the judgment." TEX. CIV. PRAC. & REM.CODE ANN. § 52.006(a) (Vernon 2008). MumboJumbo argued, and the trial court agreed, that attorney's fees must be superseded under this statute either as compensatory damages or as costs. PopCap claims attorney's fees are neither compensatory damages nor costs, and its bond is therefore sufficient.

Two of our sister courts have addressed the issue of whether, and when, attorney's fees must be superseded. MumboJumbo relies on *Clearview Properties, L.P. v. Property Texas SC One Corp.*, 228 S.W.3d 262, 264 (Tex.App.-Houston [14th Dist.] 2007, mand. denied), which required the superseding of attorney's fees. However, in *Clearview*, the Fourteenth Court of Appeals specifically noted that the parties'

contract provided for attorney's fees as compensation for a breach, and based its decision, in part, on that fact. *Id.* (determining it was not error for trial court to require attorney's fees to be superseded because fees were either costs or damages under facts of case). In the case before us, there is no contractual provision declaring that attorney's fees are compensation.

We find the facts of this case to be closer to *Shook v. Walden*, 304 S.W.3d 910 (Tex.App.-Austin 2010, no pet.). *Shook* involved a breach of contract action where, as here, the parties' contract did not specify that attorney's fees would be an element of compensation. The Third Court of Appeals analyzed the legislative history of House Bill 4 as well as the common understanding of both the terms "costs" and "compensatory damages" and concluded that attorney's fees were neither. *Id.* at 917–26. We find the *Shook* court's analysis well reasoned and agree that section 52.006 does not require the superseding of attorney's fees in this case. *See id.* at 927 (rejecting argument that party was entitled to security adequate to protect interest in award of attorney's fees because legislature "has struck a different balance of interests in section 52.006, and we are bound to defer to these policy judgments").

Accordingly, we grant PopCap's motion seeking review of the trial court's April 20, 2010 order granting MumboJumbo's motion to declare PopCap's supersedeas bond insufficient. We vacate the trial court's April 20, 2010 order and order that execution on the final judgment on appeal is superseded by the bond filed by appellant on March 31, 2010.