**IMAGINE AUTOMOTIVE GROUP, INC., Imagine Automotive Group, I., L.P., Ecarlink, L.P., Ecarlink GP, Inc., Brett Stacy, and Len Critcher, Appellants,**

v.

**BOARDWALK MOTOR CARS, LLC (f/k/a Boardwalk Motor Cars, Ltd.), d/b/a Boardwalk Porsche (formerly The Porsche Store), Boardwalk Automobiles, LLC (f/k/a Boardwalk Automobiles, Ltd.), d/b/a Boardwalk Audi (formerly The Audi Store), Boardwalk Transportation LLC (f/k/a Boardwalk Transportation L.P.), d/b/a Boardwalk Volkswagen, Appellees.**

No. 05–11–01119–CV.

Court of Appeals of Texas, Dallas.

Nov. 8, 2011.

Kirk L. Pittard, F. Leighton Durham III, Kelly, Durham & Pittard, LLP, Charles W. McGarry, Law Office of Charles W. McGarry, Dallas, TX, Peter Michael Kelly, Kelly, Durham & Pittard, LLP, Houston, TX, Marquette William Wolf, Ted B. Lyon & Associates, Mesquite, TX, for Appellants.

Stephen F. Malouf, Johnathan Nockles, Sarah Shulkin, Malouf & Nockels, Georganna L. Simpson, Jeremy C. Martin, Simpson Martin, LLP, Dallas, TX, for Appellees.

Before Chief Justice WRIGHT and Justices FRANCIS and LANG–MIERS.

## OPINION ON MOTION TO REVIEW SUFFICIENCY OF AMOUNT OF SECURITY

Opinion By Chief Justice WRIGHT.

The issue before us in this motion to review sufficiency of amount of security is whether attorney's fees awarded pursuant to the Texas Theft Liability Act must be included in the amount of security posted to suspend enforcement of the judgment pending appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 52.001, 52.006(a) (West 2008); TEX.R.APP. P. 24.1(a)(3), 24.2(a)(1). We conclude they do not and deny the motion.

### Background

Appellants, collectively "Imagine Group," were found liable under the Texas Theft Liability Act ("the Act"). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 134.003(a) (West 2011) ("A person who commits theft is liable for the damages resulting from the theft."). Following a jury trial on damages, the trial court entered judgment in the amount of $259,950 in favor of appellees, collectively "Boardwalk Cars." The trial court also awarded Boardwalk Cars pre-and post-judgment interest, $389,898 in attorney's fees, and an unspecified amount in costs of court. *See id.*

§ 134.005(b) (authorizing court costs and reasonable and necessary attorney's fees to party prevailing in suit under the Act). Imagine Group appealed and sought to suspend enforcement of the judgment pending appeal by depositing a cash bond in the amount of $325,000. *See id.* §§ 52.001, 52.006(a); TEX.R.APP. P. 24.1(a)(3). Imagine Group based the cash bond on the amount of damages awarded, estimated costs of $10,000, and interest for twelve-months-the anticipated duration of the appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 52.006(a); TEX.R.APP. P. 24.2(a)(1).

Arguing the bond was insufficient because the actual costs were higher, the appeal would take longer than twelve months, and the bond did not include the attorney's fee award, Boardwalk Cars filed with the trial court a motion to increase the amount of security. Following a hearing, the trial court increased the bond to secure actual costs and an additional six months of interest, but denied Boardwalk Cars' request that the bond be increased to secure the award of attorney's fees.

## DISCUSSION

A judgment debtor is entitled to supersede and defer payment of the judgment while pursuing an appeal. *Miga v. Jensen,* 299 S.W.3d 98, 100 (Tex.2009). Section 52.006 of the civil practice and remedies code and appellate rule 24 set out the requirements for suspending enforcement of a civil judgment pending appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 52.006(a),(b); TEX.R.APP. P. 24.1(a), 24.2. Generally, when the judgment is for money, the amount of bond or security must equal the sum of the amount of compensatory damages and costs awarded in the judgment and interest for the estimated duration of the appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 52.006(a); TEX.R.APP. P. 24.2(a)(1). On any party's motion, we may

review the sufficiency or excessiveness of the amount of security and the trial court's exercise of discretion in setting the amount of security. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 52.006(d); TEX.R.APP. P. 24.4. We review the trial court's determination of the amount of security, to the extent it turns on a question of fact, for abuse of discretion. *Shook v. Walden,* 304 S.W.3d 910, 916 (Tex.App.-Austin 2010, no pet.). To the extent the trial court's ruling turns on a question of law, as in this case, we review it de novo. *Id.*

Boardwalk Cars argues the amount of security necessary to suspend enforcement of the judgment in this case must include the $389,898 award of attorney's fees because attorney's fees fall within the scope of "compensatory damages." Neither section 52.006 nor rule 24 define the term "compensatory damages." However, the term is synonymous with actual damages and generally includes "[d]amages sufficient in amount to indemnify the injured person for the loss suffered" or "compensate a claimant for actual economic or pecuniary loss." *See* BLACK'S LAW DICTIONARY 416 (8th ed. 2007); *Fairways Offshore Exploration, Inc. v. Patterson Serv., Inc.,* 355 S.W.3d 296, 301 (Tex.App.-Houston [1st Dist.] 2011, no pet.); *Shook,* 304 S.W.3d at 920–21 & n. 17.

Generally, attorney's fees are not recoverable as damages. *See G.R.A.V.I.T.Y. Enter., Inc. v. Reece Supply Co.,* 177 S.W.3d 537, 546 (Tex.App.-Dallas 2005, no pet.). In *PopCap Games, Inc. v. Mumbo-Jumbo, LLC,* we held, in the context of a breach of contract case, that attorney's fees do not fall within the scope of "compensatory damages" unless the contract provides for fees as compensation. *See PopCap Games,* 317 S.W.3d 913, 914 (Tex. App.-Dallas 2010, no pet.). In reaching this conclusion, we found the analysis in

*Shook v. Walden* persuasive. *Id.* (citing *Shook,* 304 S.W.3d at 917–26).

Like *PopCap Games, Shook* involved a breach of contract action. *Shook,* 304 S.W.3d at 913. Attorney's fees were awarded pursuant to civil practice and remedies code chapter 38, which provides that a party "may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs," in contract and certain other cases where traditional common law prohibits recovery. *Id.* at 913; *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8) (West 2008); *Grapevine Excavation, Inc. v. Maryland Lloyds,* 35 S.W.3d 1, 6–7 (Tex.2000) (Phillips, J., dissenting). The trial court set the amount of security required to supersede the judgment in an amount that included a portion of the attorney's fees awarded. *Shook,* 304 S.W.3d at 915–16. On appeal, the Austin court of appeals held the fees were not "compensatory damages awarded in the judgment" as contemplated in section 52.006. *Id.* at 923. In so holding, the court was persuaded by (1) section 52.006's legislative history which reflected a shift in policy from protecting the judgment creditor to protecting the judgment debtor's ability to appeal; (2) the common understanding that "compensatory damages" are damages intended to compensate for actual loss or injury; and (3) the common law principle that attorney's fees are costs to be borne by each party and ordinarily not compensable. *Id.* at 918–21 & n. 17. The court was also persuaded by the distinction in civil practice and remedies code chapter 38 between the underlying claim for loss or injury and attorney's fees. *Id.* at 922 (quoting TEX. CIV. PRAC. & REM.CODE ANN. § 38.001). The court acknowledged an award of fees under chapter 38 may " 'compensate . . . or 'indemnify' " a claimant for the legal expenses incurred in prosecuting a claim, but concluded that, because attorney's fees are distinct and not part of the underlying claim, fees are not " 'damages intended to compensate the claimant for actual economic or pecuniary loss.' " *Id.* at 922.

Relying on the Austin court's consideration of chapter 38, Boardwalk Cars asserts that *Shook,* and as a result *PopCap Games* also, are distinguishable and not controlling because the damages in this case were awarded pursuant to the Texas Theft Liability Act. Boardwalk Cars notes that, unlike chapter 38 which provides that a party "may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs," the Act provides that a "person who prevails" under the Act "shall be awarded court costs and reasonable and necessary attorney's fees." *Compare* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001 *with* TEX. CIV. PRAC. & REM.CODE ANN. § 134.005(b). Boardwalk Cars argues that, because the award of fees under the Act is mandatory "as part of civil liability," they are "part of—not in addition to—a Texas Theft Liability Act claim" and thus, "compensatory." Alternatively, Boardwalk Cars argues *Shook,* and by extension *PopCap Games,* were incorrectly decided. Boardwalk Cars argues we should follow the Houston First Court of Appeals' rationale in *Fairways Offshore Exploration, Inc. v. Patterson Services, Inc.,* which expressly disagreed with *Shook* and concluded that money expended on legal counsel is a recoverable or compensable out-of-pocket loss that needs to be superseded on appeal. *See Fairways Offshore,* 355 S.W.3d 296, at 301–02.

■ We disagree with Boardwalk Cars that *Shook* and *PopCap Games* are not controlling. Although Boardwalk Cars focuses on the Austin court's consideration of chapter 38, the Austin court also considered legislative history, the common meaning of "compensatory damages," and com-

mon law. Those considerations are not limited in applicability to chapter 38; they are applicable generally, and we are as persuaded by those considerations on the facts before us as 'we were on the facts in *PopCap Games.* Moreover, while the award of attorney's fees under the Act is mandatory, the Act also distinguishes between the underlying claim for loss and attorney's fees. Section 134.005(a) of the civil practice and remedies code provides that "a person who has sustained damages resulting from theft may recover ... the amount of actual damages found by the trier of fact and, in addition to actual damages, damages awarded by the trier of fact in a sum not to exceed $1,000." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 134.005(a). Attorney's fees are provided for in section 134.005(b). These distinct provisions suggest, contrary to Boardwalk Cars' position, that attorney's fees are "in addition to" and not a "part of" a claim under the Act. We find support for our proposition in (1) case law noting that "actual damages" as contemplated under the Act, are those recoverable at common law, and (2) the common law principle that attorney's fees ordinarily are not compensable. *Shook,* 304 S.W.3d at 921; *Beaumont v. Basham,* 205 S.W.3d 608, 619 (Tex.App.-Waco 2006, pet. denied). Based on the legislative history of section 52.006, the common understanding of the term "compensatory damages," and common law principles, we conclude that attorney's fees are not "compensatory damages" under the Act as urged by Boardwalk Cars. For those reasons, we also decline to follow the rationale in *Fairways Offshore.*

We deny appellees' request to increase the bond to secure the award of attorney's fees.