**AFFIRM; and Opinion Filed April 23, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01435-CV**

**THOMAS J. ELLIS, Appellant**
**V.**
**THE RENAISSANCE ON TURTLE CREEK CONDOMINIUM ASSOCIATION, INC.,**
**ET AL., Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-10227**

**MEMORANDUM OPINION**
Before Chief Justice Wright, and Justices Lang-Miers and Lewis
Opinion by Chief Justice Wright

Before the Court is appellant's motion to reduce the supersedeas bond. In the motion, appellant contends the trial court abused its discretion by (1) failing to determine appellant's net worth or to enter factual findings showing the basis for the trial court's determination, and (2) including attorney's fees in the calculation of the supersedeas bond amount. We overrule appellant's first argument, sustain appellant's second argument, and affirm the trial court's order as modified.

Under Rule 24.1 of the Rules of Appellate Procedure, a judgment debtor may supersede a judgment by: (1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment; (2) filing with the trial court clerk a good and sufficient bond; (3) making a deposit with the trial court clerk in lieu of a bond; or (4) providing

alternate security ordered by the trial court. TEX. R. APP. P. 24.1. When the judgment is for money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. TEX. R. APP. P. 24.2(a)(1). However, the amount must not exceed the lesser of 50 percent of the judgment debtor's current net worth or 25 million dollars. *Id.*

Net worth is calculated as the difference between total assets and total liabilities as determined by generally accepted accounting principles. *G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.). Rule 24.2(c) sets forth the procedure for determining net worth. A judgment debtor who provides a bond, deposit, or security under rule 24.2(a)(1)(A) in an amount based on the debtor's net worth must simultaneously file an affidavit that states the debtor's net worth and states complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained. TEX. R. APP. P. 24.2(c)(1). The affidavit is prima facie evidence of the debtor's net worth. *Id.* A judgment creditor may file a contest to the debtor's affidavit of net worth. TEX. R. APP. P. 24.2(c)(2). At the hearing on the judgment creditor's contest, the judgment debtor has the burden of proving net worth. TEX. R. APP. P. 24.2(c)(3). The trial court is required to issue an order that states the debtor's net worth and states with particularity the factual basis for that determination. *Id*.

On the motion of a party, an appellate court may review the sufficiency or excessiveness of the amount of security. TEX. R. APP. P. 24.4(a); *G.M. Houser, Inc*., 204 S.W.3d at 840. We review the trial court's determination of the amount of security for an abuse of discretion. *Id*. In conducting this review, we engage in a two-pronged analysis: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its application of discretion? Rowe v. Watkins, 324 S.W.3d 111, 113 (Tex. App. El Paso—2010, no pet.). If we conclude the trial court abused its discretion, we may order the amount of the

security increased or decreased in an amount not to exceed the lesser of 50 percent of the judgment debtor's net worth or $25 million. TEX. R. APP. P. 24.4(a).

After the trial court granted appellee's motion for summary judgment it signed a judgment awarding, among other things, damages to appellee in the amount of $13,405.64 plus $20,000 attorney's fees for services rendered through the summary judgment proceeding. Thereafter, appellant filed a motion in the trial court to set the supersedeas bond at $500. At the same time, appellant filed an affidavit of net worth, which appellee contested. At the hearing on the bond, appellant testified and introduced certain evidence regarding his net worth. The trial court refused to admit certain evidence such as the document intended to show the "capital amount" on appellant's mortgage, and admitted certain other exhibits "for what they were worth." At the conclusion of the hearing, the trial court determined appellant had failed to provide proper documentation of his debts and the amounts outstanding on the debts. The trial court also determined appellant was "not a credible witness, and that the evidence appellant presented was not sufficient to permit the trial court to make a determination as to appellant's net worth." The trial court then set the supersedeas bond in the amount of $36,235.98, "representing judgment . . . in the amount of $13,405.64 in compensatory damages and $20,000 in attorney's fees plus post-judgment interest in the amount of 5.00% compounded annually." The trial court estimated the duration of the appeal to be 18 months.

On appeal, appellant claims the trial court abused its discretion by refusing to determine his net worth because he "presented uncontroverted testimony and document evidence showing that he has a negative net worth." Appellant does not, however, provide this Court with any record cites to support this conclusion. Rather, in his reply to appellee's response to the motion, he claims it was impractical to do so, and requests the Court to review the reporter's record in its entirety and evaluate the record for legal and factual sufficiency. It is well established that it is

–3–

not the duty of the appellate court to make an independent search of the reporter's record for evidence to support a party's allegations. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283 (Tex. 1994); *Most Worshipful Prince Hall v. Jackson*, 732 S.W.2d 407, 412 (Tex. App.—Dallas 1987, writ ref'd n.r.e.); *Russell v. City of Bryan*, 919 S.W.2d 698, 707 (Tex. App.—Houston[14th] 1996, writ denied). When, as here, a party fails to properly cite to the record, and brings only bare assertions of error without meaningful argument or authority, this Court has the discretion to waive the issue due to inadequate briefing. *See Fredonia*, 881 S.W.2d at 283-84. Moreover, after reviewing the record, we cannot conclude the trial court had sufficient information upon which to exercise its discretion. Therefore, we cannot conclude the trial court abused its discretion by failing to determine appellant had a negative net worth. We overrule appellant's first argument.

Appellant also contends the trial court erred by including attorney's fees in determining the amount of the bond. When a judgment is for money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. TEX CIV. PRAC. & REM. CODE ANN. 52.006(a) (West 2003); TEX. R. APP. P. 24.2(a)(1). Generally, attorney's fees are not recoverable as damages. *Imagine Auto. Grp., Inc. v. Boardwalk Motor Cars, LLC*, 356 S.W.3d 716, 718 (Tex. App.—Dallas 2011, no pet.). This Court has determined that in the context of a breach of contract case, attorney's fees do not fall within the scope of "compensatory damages" unless the contract provides for fees as compensation. *Id.* In this case, appellant contends the fees were not compensatory damages and the trial court did not make a finding that the attorney's fees were compensatory damages. In response to appellant's motion to reduce supersedeas bond, appellee responded in haiku as follows: "Appellant's burden, yet no evidence attached. Thus, deny motion." Appellees did not challenge appellant's assertion that the

–4–

attorney's fees were not compensatory damages and did not contend, or provide record support, showing the contract in this case provided for attorney's fees as compensation. Our review of the contract shows that although the contract provides for attorney's fees in the event of a breach, it does not provide for fees as compensation. Thus, as this Court has previously explained, "based on the legislative history of section 52.006, the common understanding of the term 'compensatory damages,' and common law principles," we conclude the attorney's fees are not compensatory damages and appellant should not be required to supersede the attorney's fees. *See Lopez v. RS Clark & Assoc., Inc.*, 2013 WL 373408, *1 (Tex. App.— Dallas, 2013, no pet.) (citing *Imagine Auto*, 356 S.W.3d at 716). Accordingly, we sustain appellant's second argument and grant appellant's motion to the extent the trial court's order required appellant to supersede the award of attorney's fees. We order the amount of the supersedeas bond be decreased to $14,427.82. *See* TEX. R. APP. P. 24.4(a). As modified we affirm the trial court's order.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

121435F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOMAS J. ELLIS, Appellant

No. 05-12-01435-CV     V.

THE RENAISSANCE ON TURTLE
CREEK CONDOMINIUM
ASSOCIATION, INC. ET AL., Appellees

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-10227.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Lewis participating.

In accordance with this Court's opinion of this date, the order of the trial court is **MODIFIED** as follows:

The supersedeas bond is decreased to $14,427.82.

It is **ORDERED** that, as modified, the trial court's November 26, 2012 order is **AFFIRMED**.

Judgment entered this 23rd day of April, 2013.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE