**MOTION DENIED; and Opinion Filed October 22, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01215-CV

### HIGHLAND CAPITAL MANAGEMENT, L.P., Appellant

### V.

### PATRICK DAUGHERTY, Appellee

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 12-04005**

# MEMORANDUM OPINION ON MOTION TO INCREASE
# SUPERSEDEAS BOND

Before Chief Justice Wright and Justices Lang-Miers and Brown
Opinion by Justice Brown

Highland Capital Management, L.P. has filed a motion seeking an increase in the $287,000 supersedeas bond Patrick Daugherty, a former Highland executive, posted to suspend enforcement pending appeal of a $2.8 million judgment in favor of Highland "for reasonable and necessary attorney's fees rendered through trial" in the successful prosecution of a breach of contract claim against Daugherty. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006 (West 2008); TEX. R. APP. P. 24. The amount of the posted bond represents post-judgment interest for twenty-four months, the estimated duration of the appeal. The amount Highland alleges the bond should be is $3,087,000, representing the sum of the post-judgment interest and the fee award. Although recognizing that attorney's fees generally do not need to be superseded, Highland

argues that, under the contract, the fees awarded constitute compensatory damages which must be superseded under rule of appellate procedure 24.2(a)(1) and civil practice and remedies code section 52.006(a). *See In re Nalle Plastic Family Ltd., P'ship*, 406 S.W.3d 168, 169, 175 (Tex. 2013). We disagree and deny the motion.

A judgment debtor is entitled to supersede and defer payment of the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). Section 52.006 of the civil practice and remedies code and appellate rule 24 set out the requirements for suspending enforcement of a civil judgment pending appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006; TEX. R. APP. P. 24. When the judgment is for money, the amount of bond must equal the sum of the amount of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a); TEX. R. APP. P. 24.2(a)(1). Attorney's fees incurred in the prosecution or defense of a claim are not compensatory damages, but fees asserted as an element of damages for any underlying harm, such as in a suit for breach of a legal services agreement, are. *Nalle*, 406 S.W.3d at 175. We review the amount of a bond, to the extent it turns on a question of law, as here, de novo. *Imagine Automotive Grp., Inc. v. Boardwalk Motor Cars, LLC*, 356 S.W.3d 716, 718 (Tex. App.—Dallas 2011, no pet.).

In arguing the attorney's fees awarded constitute compensatory damages, Highland relies on the following provision of the employment agreement Daugherty was found to have breached:

> In the event of a breach by [Daugherty] of any provision of [the Agreement], Company shall be entitled to a temporary restraining order and injunctive relief restraining [Daugherty] from the commission of any breach, and to recover the Company's attorneys' fees, costs and expenses related to the breach.

Citing *Gulf Liquids New River Project, LLC v. Gulsby Engineering, Inc.*, 356 S.W.3d 54, 67 (Tex. App.—Houston [1st Dist.] 2011, no pet.), Highland asserts the parties could

–2–

"contractually agree to the measure of damages in the event of a breach," and the quoted provision was "the parties' best estimate at the time of contracting of what Highland's compensatory damages, at a minimum, would be."

The plain language of the quoted provision, however, does not suggest attorney's fees as a form of compensation for an underlying harm. Rather, the plain language reflects attorney's fees would be recoverable as they "relate[] to the breach." Consistent with this language, Highland asserted in its live pleading that it "ha[d] been forced to incur attorney's fees and costs" to bring its breach of contract claim, and it sought attorney's fees under civil practice and remedies code section 38.001, a statute which specifically authorizes "reasonable attorney's fees" for a breach of contract claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8). Additionally, Daugherty notes in his response to Highland's motion that Highland did not seek attorney's fees as damages at trial and its expert witness on attorney's fees testified that Highland was entitled to recover between $2.6 and $3.1 million in attorney's fees, which, in his judgment, were reasonable and necessary in order to prosecute the lawsuit.

Although Highland argues the contract provides that attorney's fees are an element of damages, the record reflects otherwise. Accordingly, we deny Highland's motion.

/Ada Brown/
ADA BROWN
JUSTICE

141215F.P05

–3–