**Order AFFIRMED; and Opinion Filed June 15, 2016.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-00537-CV

**JOSEPH ASHMORE, JR., ALLAN CLARK, AND
FINANCIAL RISK SPECIALISTS, INC., Appellants
V.
JMS CONSTRUCTION, INC. AND DAVID PERLEY, Appellees**

**On Appeal from the 193rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-10-13260**

## MEMORANDUM OPINION ON MOTION
## TO REVIEW SUPERSEDEAS BOND

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Justice Lang-Miers

Before the Court is appellant Joseph E. Ashmore, Jr.'s motion for appellate review of the trial court's May 18, 2016 order setting the supersedeas bond. In an order dated May 24, 2016, this Court granted a stay of any collection efforts by appellees on the final judgment pending this Court's review of the trial court's order.

The trial court signed a judgment for $1,500,000.00 together with prejudgment and post-judgment interest in the amount of five percent per year and taxable court costs. On April 28, 2016, the trial court signed an order setting the supersedeas bond at $247,100.50. Appellant filed a motion asking the trial court to reconsider the bond and to lower it to zero dollars contending that the trial court erred in not factoring two judgments against him in the total amount of $4,500,000.00 as non-contingent liabilities in determining his net worth. The trial court held a

hearing on appellant's motion to reconsider. After the hearing, the trial court signed an order on May 18, 2016 increasing the amount of the supersedeas bond to $997,100.50. In doing so, the trial court found that appellant was in possession of the $1,500,000.00 that the jury in the underlying case found appellant had stolen, defrauded, and misappropriated from appellee JMS Construction, Inc. and, therefore, those funds should be considered an asset of appellant. Appellant asks this Court to review this order.

We may review the sufficiency or excessiveness of the amount of security and the type of security. *See* Tex. R. App. P. 24.4(a)(1), (3). We review a trial court's ruling for an abuse of discretion. *See Imagine Automotive Group, Inc. v. Boardwalk Motor Cars, LLC,* 356 S.W.3d 716, 718 (Tex. App.—Dallas 2011, no pet.); *G.M. Houser, Inc. v. Rodgers,* 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.).

A judgment debtor may supersede a judgment by posting "a good and sufficient bond." *See* TEX. R. APP. P. 24.1(a)(2). When the judgment is for money, the amount of the bond must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. *See* TEX. R. APP. P. 24.2(a)(1). The amount, however, must not exceed the lesser of fifty percent of the judgment debtor's current net worth or $25,000,000. *See* TEX. R. APP. P. 24.2(a)(1).

It is the appellant's burden to see that a sufficient record is presented to show error requiring reversal. *See Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex. 1990). Issues depending on the state of the evidence cannot be reviewed without a complete record, including the reporter's record. *See Favaloro v. Comm'n for Lawyer Discipline,* 994 S.W.2d 815, 820 (Tex. App.—Dallas 1999, pet. stricken). When no reporter's record is filed, we must assume the missing evidence supports the trial court's ruling. *See Bryant v. United Shortline Inc. Assurance Servs.,* 972 S.W.2d 26, 31 (Tex. 1998).

Appellant contends the trial court abused its discretion in increasing the bond because appellees did not request an increase and there was no evidence to support the increase. The trial court held a hearing on appellant's motion to reconsider. In its order, the trial court recited that it considered the motion, the pleadings, the evidence, and arguments of counsel. Appellant has not brought forward a reporter's record from the hearing. In this circumstance, we must assume the evidence presented at the hearing supports the trial court's order. *See Bryant*, 972 S.W.2d at 31. Accordingly, we affirm the trial court's May 18, 2016 order.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

150537NF.P05