**Susan PESOLE, Plaintiff,**

v.

**HEALTH CARE SERVICE CORPO-RATION, a Mutual Legal Reserve Company, Defendant.**

**Civil Action No. 3:17–CV–1987–D**

United States District Court,
N.D. Texas, Dallas Division.

Signed 09/29/2017

Matthew R. Scott, Javier Perez, Scott Perez LLP, Dallas, TX, for Plaintiff.

Mark D. Temple, Paige Taylor Bennett, Reed Smith LLP, Houston, TX, Andrew W. Yung, Yung Keithly LLP, Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

SIDNEY A. FITZWATER, UNITED STATES DISTRICT JUDGE

The instant motion to remand presents the principal question whether plaintiff's pre-removal declaration that she is limiting her recovery, and the amount of any judgment, to $74,000, exclusive of interest and costs, is sufficient to establish that the amount of the matter in controversy does not satisfy the minimum jurisdictional threshold for diversity jurisdiction. Concluding that the pre-removal declaration is sufficient, the court grants plaintiff's motion and remands this case to state court.

### I

This is a removed action by plaintiff Susan Pesole ("Pesole") against defendant Health Care Service Corporation ("HCSC") to recover on claims for associa-

tional disability discrimination and wrongful termination under § 21.051 of the Texas Labor Code. Pesole is a Texas citizen, and HCSC is an Illinois citizen (an Illinois corporation with its principal place of business in Illinois). HCSC timely removed the case to this court under 28 U.S.C § 1332 based on diversity of citizenship. 28 U.S.C. § 1332(a)(1) provides that the district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States[.]"

Pesole moves to remand, contending that because she included statements in her state-court original petition ("petition") purporting to limit her recovery to $74,000, exclusive of interest and costs, HCSC cannot satisfy the requirement of 28 U.S.C. § 1332(a)(1) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Pesole also points to her declaration, filed concurrently in state court with her petition, in which she avers that she agrees to limit her recovery to $74,000, exclusive of interest and costs. Her sworn declaration contains the following pertinent provisions:

8. In my Original Petition, which will be filed in state court, I specifically state I am limiting the amount of my recovery, and the amount of any judgment, to $74,000.00, exclusive of interest and costs.

9. I know that the claims and causes of action I brought could afford me greater relief than $74,000.00, but I intentionally agreed to limit my recovery to $74,000.00 nonetheless, exclusive of interest and costs.

10. I do not seek, I will not seek, and I will not accept, a final judgment in excess of $74,000.00, exclusive of interest and costs.

11. A final judgment of $74,000.00, exclusive of interest and costs, would make me whole for the damages I suffered as alleged in my Original Petition.

Pesole Decl. ¶¶ 8–11. HCSC opposes Pesole's motion.

## II

■ As the removing party, HCSC "has the burden of overcoming an initial presumption against jurisdiction and establishing that removal is proper." *Carnes v. Data Return, L.L.C.*, 2005 WL 265167, at \*1 (N.D. Tex. Feb. 1, 2005) (Fitzwater, J.) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing 28 U.S.C. § 1441(a)). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which (a federal) statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971) (quoting *Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934)). "The federal removal statute, 28 U.S.C. § 1441, is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## III

The parties' diversity of citizenship is not disputed. The only issue is whether the required showing has been made that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A

■ When a defendant seeks to remove on the basis of diversity jurisdiction, the federal court ordinarily determines the amount in controversy based on the specific "good faith" sum demanded by the plaintiff in her state court petition. *See* 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ("[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). "[T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (citing *De Aguilar*, 47 F.3d at 1412). This requirement can be satisfied if the defendant shows that "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Ford v. United Parcel Serv., Inc. (Ohio)*, 2014 WL 4105965, at \*2 (N.D. Tex. Aug. 21, 2014) (Fitzwater, C.J.) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

■ Once a defendant shows that the amount in controversy more likely than not exceeds the jurisdictional amount, "the plaintiff must be able to show that, as a matter of law, it is certain that [the plaintiff] will not be able to recover more than the damages for which [she] has prayed in the state court complaint." *De Aguilar*, 47

F.3d at 1411. The Fifth Circuit has suggested that a plaintiff may meet this obligation by citing a state law that prohibits recovery of damages in excess of those sought in the petition. *Id.* at 1412. Absent such a statute, " '[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints[.]' " *Id.* (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam)).

### B

Pesole maintains that the amount in controversy requirement is not met because the stated amount in her petition is limited to $74,000, exclusive of interest and costs. HCSC responds that the face of Ford's petition and the unrebutted evidence that HCSC has submitted establish that the amount in controversy exceeds $75,000.

 The court concludes that the amount stated in Pesole's state-court petition does not control because HCSC has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. In the petition, Pesole seeks back pay, front pay, compensatory damages, punitive damages, and attorney's fees. HCSC has attached to its notice of removal a declaration filed by Lori Russell ("Russell"), HR Regulatory Compliance Specialist for HCSC. Russell avers that Pesole's last day of work at HCSC was February 26, 2016 and that Pesole's annual salary was around $71,000. Pesole's claim for front pay and back pay would alone exceed the sum of $75,000. Thus when Pesole's claims for compensatory damages, punitive damages, and attorney's fees are also taken into account, it is more likely than not that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See, e.g., White v. FCI USA, Inc.*, 319 F.3d 672, 674–76 (5th Cir. 2003) (affirming finding that alleged compensatory damages or punitive damages alone in wrongful termination case would exceed $75,000); *Wilson*

*v. Hibu Inc.*, 2013 WL 5803816, at *3–4 (N.D. Tex. Oct. 28, 2013) (Lindsay, J.) (applying common sense analysis and concluding that it was facially apparent that plaintiff's claims in wrongful termination case for back pay, front pay, compensatory damages, punitive damages, attorney's fees, and expert fees more likely than not exceeded $75,000).

### C

Pesole next posits that she has legally bound herself to an amount less than the $75,000 threshold, first, by stipulating to these limitations in her petition, and, second, by filing a declaration with her petition that binds her to a lower recovery than the jurisdictional threshold. HCSC responds that although Pesole has submitted a pre-removal declaration, it is not sufficiently binding to preclude removal. HCSC maintains that Pesole has not shown to a legal certainty that she will not be able to recover more than the damages for which she has prayed in the state court complaint because "judgment" does not include all her theories of recovery—specifically attorney's fees—and because the civil cover sheet requests damages in excess of $1,000,000.

 As this court has previously explained, stipulations to limited recovery of the type contained in Pesole's state-court petition do not legally bind her because her petition can later be amended. *See Ford*, 2014 WL 4105965, at *4 ("Although the allegations of Ford's petition are binding judicial admissions for the time being, they will cease to be 'conclusive and indisputable judicial admissions' if she chooses to amend or supersede her petition[.]"). But the court agrees with Pesole that this case is distinguishable from *Ford* because, here, Pesole submitted a pre-removal declaration that limits her recovery to an amount that is below the jurisdictional

minimum. *Cf. Ford*, 2014 WL 4105965, at *4 ("Because Ford failed to include her declaration with her petition and instead filed it with her reply to defendant's response to her motion to remand, the court cannot consider her declaration as a jurisdictional fact precluding removal."). HCSC's argument that Pesole's declaration is not legally binding because she fails to cap the aggregate of all her "prospective theories of recovery" at less than $75,000 lacks force. D. Br. 3. Pesole's various stipulations to limit the "judgment" to $74,000, without explicitly referring to attorney's fees, do not leave open the possibility of recovering an amount equal to, or greater than, the jurisdictional minimum.

 The understanding that "judgment" includes an attorney's fees award is well-established under Texas law.[1] *See, e.g.*, 2 William V. Dorsaneo III, *Texas Litigation Guide* § 22.116 (2017) (including sample form for attorney's fees for use when drafting judgment); *id.* § 131.05[7] (describing how a "judgment may also include an award for attorney's fees through the appellate process"); 5 Roy W. McDonald & Elaine A. Grafton Carlson, *Texas Civil Practice* § 27.30 (2016) ("Like other errors in the judgment, a failure to object at the trial court to the reasonableness of an attorney's fees award will result in waiver of that complaint on appeal."). And Texas courts have similarly described "judgment" as including attorney's fees. *See, e.g.*, *Sharifi v. Steen Auto., LLC*, 370 S.W.3d 126, 134 (Tex. App. 2012, no pet.)

("The trial court signed a final judgment awarding Steen LLC $111,878 in damages and $135,000 in attorney's fees."); *Long v. Griffin*, 442 S.W.3d 253, 254 (Tex. 2014) ("[T]he trial court largely ruled for the Griffins and awarded them $35,000 in attorney's fees. The court of appeals modified the judgment in several respects and affirmed it."). Pesole's numerous stipulations to limits on "my recovery" and "a final judgment" should thus be understood to include attorney's fees as well.

HCSC cites several Texas cases for the proposition that the term "judgment" does not include attorney's fees under Texas law. *See* D. Br. 10 (citing *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 172 (Tex. 2013); *Wm. Cameron & Co. v. Am. Sur. Co. of N.Y.*, 55 S.W.2d 1032, 1035 (Tex. Comm'n App.1932); *Imagine Auto. Grp., Inc. v. Boardwalk Motor Cars, LLC*, 356 S.W.3d 716, 717 (Tex. App. 2011, no pet.)). These cases, however, concern a narrow provision of Texas law that specifies the amount of the appeal bond that a judgment debtor must post. *See* Tex. Civ. Prac. & Rem. Code Ann. § 52.006 (West 2008). They generally hold that attorney's fees are not "compensatory damages" or "costs," but they do not go so far as to hold that attorney's fees do not constitute part of a "judgment." *See, e.g.*, *In re Nalle Plastics*, 406 S.W.3d at 172 ("Courts have long distinguished attorney's fees from damages"); *Wm. Cameron & Co.*, 55 S.W.2d at 1035 ("[c]ounsel fees incurred in prosecuting a suit for or defending against

1. The court relies on Texas law to inform its analysis of what Pesole intended when referring to a "judgment." *Cf. Ware v. Wells Fargo Bank, N.A.*, 116 F.Supp.3d 737, 740 (N.D. Tex. 2015) (Lynn, J.) (looking to Texas law to determine when stipulations in a petition qualify as binding judicial admissions). Because the court relies on Texas law when interpreting whether the term "judgment" includes attorney's fees, the federal authorities on which HCSC relies are not controlling.

The court is not suggesting, of course, that determining the amount in controversy is a matter of Texas law. It is a determination made by applying federal law. *See* 15 *Moore's Federal Practice* § 102.101 (2017) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961)) (applying general federal rule that amount in controversy is decided from complaint itself if amount claimed in good faith).

a wrong are not ordinarily recoverable as actual damages").[2]

Against the backdrop of Texas law, the court concludes that HCSC's reliance on *Tovar v. Target Corp.*, 2004 WL 2283536 (W.D. Tex. Oct. 7, 2004), is misplaced. In *Tovar* the court held that a number of contradictions nullified the binding effect of the plaintiff's affidavit. *Id.* at *4. For example, a statement in the plaintiff's petition that monetary relief explicitly excluded attorney's fees directly contradicted a statement in a separate affidavit that limited recovery specifically including attorney's fees. *Id. Tovar* is therefore distinguishable from the instant case, which lacks such explicit contradictions.[3] In her declaration, Pesole clearly and consistently limits her "recovery" and "final judgment" to $74,000. *Cf. Ware*, 116 F.Supp.3d at 740 (plaintiff stated in petition "[a] final judgment of $74,000.00 ... would make me whole for the damages I suffered.").

■■■ The court also disagrees with HCSC's contention that discrepancies between the cover sheet and the petition nullify the binding effect of Pesole's declaration. The court generally does not rely on the cover sheet when determining the amount in controversy. *See, e.g., Good v. Kroger Tex., L.P.*, 2013 WL 3989097, at *2 (N.D. Tex. Aug. 5, 2013) (McBryde, J.) (a "box checked on a state civil cover sheet is insufficient to show that an amount in controversy is facially apparent[.]"). The ratio-

nale for excluding the cover sheet from an amount in controversy analysis applies in the present case as well:

> the election [of the Civil Cover Sheet] is simply too imprecise to make the requisite demonstration of the amount in controversy for purposes of diversity jurisdiction. From this representation, the Court cannot determine what law is applicable or whether the plaintiff seeks an amount which can be recovered under applicable law. The civil cover sheet is not a pleading and does not contain the certifications required by Rule 11 of the Federal Rules of Civil Procedure.

*Gonzalez v. Wal-Mart Stores, Tex., LLC*, 2015 WL 3613648, at *4 (S.D. Tex. June 9, 2015) (Rosenthal, J.) (internal citations omitted). Accordingly, the court does not give the cover sheet any weight when determining whether Pesole has met her burden.

Thus the court concludes that the averments of Pesole's declaration that she would not accept a judgment or recovery greater than $74,000 legally limit her to a recovery of no more than $74,000, exclusive of interest and costs. Because this amount in controversy does not satisfy the minimum jurisdictional threshold for diversity jurisdiction under 28 U.S.C. § 1332(a)(1), the court grants Pesole's motion to remand.[4]

---

**2.** HCSC's reliance on the Texas Civil Human Rights Act is similarly misplaced because the statute, at best, shows that attorney's fees are not damages. *See* Tex. Labor Code Ann. § 21.259 (West 2017).

**3.** Although the state-law issue of the definition of "judgment " does not appear to have been briefed in *Ware*, Judge Lynn held that the statements in plaintiff's declaration, similar to those made by Pesole, were unambiguous and distinguishable from the statements in *Tovar*. *Compare Ware*, 116 F.Supp.3d at 740 (plaintiff

intended to "limit[ ] the amount of [her] recovery, and the amount of any judgment, to $74,000, exclusive of interest and costs."), *with* Pesole Decl. at ¶ 8 ("In my Original Petition, which will be filed in state court, I specifically state I am limiting the amount of my recovery, and the amount of any judgment, to $74,000.00, exclusive of interests and costs.").

**4.** Because the court is remanding this case to state court, it does not reach the merits of HCSC's pending motion to dismiss for failure to state a claim.

IV

Pesole also moves for an award of attorney's fees and costs under 28 U.S.C. § 1447(c).

 "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 533 n.14 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005)).

The court holds that HCSC had an objectively reasonable basis for seeking removal. Case law on whether Pesole's declarations were legally binding is unsettled, and HCSC had an objectively reasonable basis to remove the case to federal court. *See Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 272 (5th Cir. 2009). The court therefore denies Pesole's motion for attorney's fees and costs under 28 U.S.C. § 1447(c).

\* \* \*

For the reasons explained, Pesole's motion to remand is granted. The court holds that it lacks subject matter jurisdiction, and, pursuant to 28 U.S.C. § 1447(c), remands this case to the 192nd Judicial District Court of Dallas County, Texas. The clerk shall effect the remand according to the usual procedure.

**SO ORDERED.**