**Affirmed and Opinion Filed January 17, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00566-CV

**ERWIN CRUZ AND THE ERWIN A. CRUZ FAMILY LIMITED PARTNERSHIP, BOTH OF THEM INDIVIDUALLY AND ON BEHALF OF NORTH DALLAS MEDICAL IMAGING, LP, PLANO AMI, LP, AND GHANI MEDICAL INVESTMENTS, INC., Appellants**

**V.**

**MEHRDAD GHANI, Appellee**

**On Appeal from the 101st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-10-16274**

## MEMORANDUM OPINION ON MOTION TO REVIEW SUPERSEDEAS ORDER

Before Chief Justice Wright and Justices Francis and Stoddart

Before the Court is appellant Erwin Cruz's motion to review the trial court's order requiring additional supersedeas bond. *See* TEX. R. APP. P. 24.4(a). In his motion, Cruz asserts the trial court erred in including the sum it awarded to appellee Mehrdad Ghani for his "wrongful execution" claim in determining the amount of bond or cash deposit necessary to supersede the judgment. For the following reasons, we affirm.

## Background

In 2012, Cruz obtained a judgment against Ghani for over $4 million. Ghani appealed, but did not supersede the judgment. While Ghani's appeal was pending, Cruz obtained a writ of execution and caused a condominium owned by Ghani to be sold for $25,000. After the execution sale, this Court reversed the judgment on which execution issued. On remand, Ghani asserted a counterclaim for wrongful execution. The trial court subsequently rendered a final judgment that Cruz take nothing on his claims and that Ghani recover $217,500, the stipulated fair market value of Ghani's condominium at the time of the execution sale. The trial court also awarded Ghani prejudgment interest, post-judgment interest and costs.

Cruz perfected an appeal from that judgment. To suspend enforcement of the judgment while he pursued his appeal, Cruz filed a $10,000 cash deposit, representing only the trial court's award of court costs. Ghani filed a motion to increase supersedeas to require Cruz to post a bond or file a cash deposit in the amount of at least $224,419.05, the amount due on the judgment plus estimated post-judgment interest and court costs. The trial court granted Ghani's motion. In his motion for review, Cruz contends the trial court erred in requiring him to post security for the amount of the trial court's judgment.

## Applicable Law

A judgment debtor is entitled to supersede the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009); *Imagine Auto. Group, Inc. v. Boardwalk Motor Cars, LLC*, 356 S.W.3d 716, 718 (Tex. App.—Dallas 2011, no pet.). Generally, when the judgment is for money, the amount of bond or security must equal the sum of the amount of compensatory damages and costs awarded in the judgment and interest for the estimated duration of the appeal.

2

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a) (West 2015); TEX. R. APP. P. 24.2(a)(1). "Compensatory damages" includes damages intended to compensate a claimant for an "actual economic or pecuniary loss." *See Imagine Auto. Group*, 356 S.W.3d at 718 (citing Black's Law Dictionary 416 (8th ed. 2007)); *cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(4) (under chapter 41, compensatory damages includes "damages intended to compensate a claimant for actual economic or pecuniary loss").

Under section 34.022(a) of the civil practice and remedies code, "[a] person is entitled to recover from the judgment creditor the market value of the person's property that has been seized through execution of a writ issued by a court if the judgment on which execution is issued is reversed or set aside but the property has been sold at execution." TEX. CIV. PRAC. & REM. CODE ANN. § 34.022(a). The amount of recovery is determined by the market value at the time of sale of the property sold. *Id*. at § 34.022(b).

**Analysis**

Here, the parties stipulated that Ghani's condominium was sold at an execution sale pursuant to a judgment that was later reversed on appeal and that the fair market value of the condominium at the time of the sale was $217,500. Based on that stipulation, the trial court entered a judgment in favor of Ghani for $217,500.

As noted above, "compensatory damages" means damages intended to compensate a person for an "actual economic or pecuniary loss." *See Imagine Auto. Group*, 356 S.W.3d at 718. Cruz, however, contends because he lawfully pursued execution on Ghani's condominium, any economic loss sustained by Ghani are "incidental costs of litigation" and not compensatory damages. Cruz compares these "incidental costs of litigation" to an award of attorney fees and relies on cases holding that awards of attorney's fees do not constitute compensatory damages.

3

*See In re Nalle Plastics Family L.L.P*., 406 S.W.3d 168, 172 (Tex. 2013) (orig. proceeding). We agree that attorney's fees are not compensatory damages. *In re Nalle Plastics Family*, 406 S.W.3d at 173.

And unlike statutes authorizing the recovery of attorney's fees, section 34.022 provides for an independent right of action. *See Cadleway Properties, Inc. v. Brimer*, No. 05-96-01946-CV, 1999 WL 42039, at *2 (Tex. App.—Dallas Feb. 2, 1999, no pet.) (mem. op.). Specifically, section 34.022 allows a claimant to bring an action when his property has been sold at an execution sale to satisfy an erroneous judgment. The recovery authorized is the fair market value of the property at the time of the execution sale. TEX. CIV. PRAC. & REM. CODE ANN. § 34.022(b). We conclude the recovery permitted by section 34.022 is intended to compensate the claimant for the loss of the property sold. *Cf. Miga v. Jensen*, 299 S.W.3d 98, 101 (Tex. 2009) (on reversal of judgment, party who has received the benefit of erroneous judgment obligated to make restitution to other party "for what he has lost.") (quoting *Bank of U.S. v. Bank of Wash*., 31 U.S. 8, 17 (1832)); *J & D Towing, LLC v. Am. Alternative Ins. Corp*., 478 S.W.3d 649, 657 (Tex. 2016) (measure of direct damages when property totally destroyed is the fair market value of the property immediately before the injury at the place where the injury occurred).

In reaching this conclusion, we necessarily reject Cruz's contention that the trial court's award was akin to an award of equitable disgorgement. Awards for equitable disgorgement do not constitute compensatory damages because they are not based on an actual pecuniary loss suffered by the plaintiff, but on the defendant's ill-gotten gains. *See In re Longview Energy Co*., 464 S.W.3d 353, 360 (Tex. 2015); *see also McCullough v. Scarbrough, Medlin & Associates, Inc*., 435 S.W.3d 871, 905 (Tex. App.—Dallas 2014, pet. denied) ("Equitable disgorgement is

4

distinct from an award of actual damages in that the disgorgement award "serves a separate function of protecting fiduciary relationships."). According to Cruz, the trial court's award in this case, like an award of equitable disgorgement, was not based on an actual loss Ghani suffered. To support that claim, Cruz alleges Ghani himself purchased the condominium at the execution sale. In effect, Cruz contends Ghani did not suffer the loss he claimed. Ghani disputes that contention. Regardless, the issue now before us is whether the trial court's award was intended to compensate Ghani for an actual loss, not whether Ghani suffered that loss. We conclude the trial court's award was intended to compensate Ghani for the loss of his condominium. Accordingly, we affirm the trial court's order.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

170566F.P05

5