**Motion GRANTED; Opinion issued January 31, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas
》》》》》》》》》》》》》》》》》》》》》》》》》
### No. 05-12-00868-CV
》》》》》》》》》》》》》》》》》》》》》》》》》

**DAN LOPEZ, Appellant**

**V.**

**RS CLARK & ASSOCIATES, INC., Appellee**

44444444444444444444444444444444444444444444444444444444
**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-07834-A**
44444444444444444444444444444444444444444444444444444444

## OPINION

Before Chief Justice Wright and Justices Francis and Lang-Miers
Opinion by Chief Justice Wright

The Court has before it appellant's motion for review of the trial court's order requiring additional security to supersede final judgment and enjoining asset transfer and appellee's response to that motion. We **GRANT** the motion.

Appellant sued appellee for violations of the Federal Debt Collection Practices Act, the Texas Debt Collection Practices Act, and the Texas Deceptive Trade Practices Act (the DTPA). Ultimately, the trial court entered judgment in favor of appellee, finding the DTPA claim was groundless and filed in bad faith. The trial court awarded $42,500 to appellee for its attorney's fees and expenses. Appellant filed this appeal and made a cash deposit of $5074.70 in lieu of supersedeas bond.

Appellee filed a motion in the trial court contesting appellant's affidavit of net worth. Appellee's primary complaint was that appellant had included his entire mortgage debt as a liability, but only the equity he claims in his house as an asset. On July 31, 2012, the trial court ruled that appellant had not accurately identified the value of his home, and ordered him to deposit an additional $36,925.30 in order to supersede the judgment. The trial court specifically found that the attorney's fees awarded to appellee were compensatory damages that were required to be superseded. Appellant then filed his motion for review of the trial court's order in this Court.

A judgment debtor is entitled to supersede and defer payment of the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). In order to supersede a money judgment, "the amount of security must equal the sum of: (1) the amount of compensatory damages awarded in the judgment; (2) interest for the estimated duration of the appeal; and (3) costs awarded in the judgment." TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a) (West 2008). However, the judgment debtor will not be required to pay more than the lesser of 25 million dollars or fifty percent of the debtor's net worth. TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(b) (West 2008).

The DTPA specifically provides for an award of attorney's fees to a defendant if the court finds that the action was "groundless in fact or law or brought in bad faith, or brought for the purpose of harassment." TEX. BUS. & COM. CODE ANN. § 17.50(c) (West 2011). In this case, the trial court found that such an award was warranted, and specifically ruled that the attorney's fees awarded in the judgment, in the amount of $42,500.00, were compensatory damages because they "were awarded to [appellee] to compensate it for its actual economic or pecuniary loss as a result of the bad faith maintenance of this groundless suit by the [appellant]." However, as this Court has previously explained, "[b]ased on the legislative history of section 52.006, the common understanding of the term 'compensatory damages,' and common law principles, . . . attorney's fees

are not 'compensatory damages' . . . ." *Imagine Auto. Grp., Inc. v. Boardwalk Motor Cars, LLC*, 356 S.W.3d 716, 716 (Tex. App.–Dallas 2011, no pet.).[1]  Accordingly, we **GRANT** appellant's motion to the extent the trial court's order required appellant to supersede the award of attorney's fees.

Because we conclude that appellant was not required to supersede the award of attorney's fees to appellee, we need not address appellant's argument that his homestead and retirement accounts are exempt from a calculation of his net worth.  We **REVERSE** the trial court's July 31, 2012 order enjoining appellant from transferring assets and requiring him to provide additional security to supersede the final judgment on appeal and deem appellant's existing cash deposit in lieu of supersedeas bond in the amount of $5,074.70 sufficient to supersede the trial court's judgment in this case.

>    /Carolyn Wright/
> CAROLYN WRIGHT
> CHIEF JUSTICE

120868F.P05

---

[1] *Imagine* involved a suit under the Texas Theft Liability Act, not the DTPA.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b) (West 2011). However, like the DTPA, the Texas Theft Liability Act makes the award of attorney's fees to a prevailing party mandatory, but distinguishes the award of fees from actual damages.  *See* TEX. BUS. & COM. CODE ANN. § 17.50 (e) (West 2011).