**Affirm; and Opinion Filed July 24, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00353-CV

### MANSIK & YOUNG PLAZA LLC, YOUNG HO KIM, SUN HUI KIM, AND DAVID KIM, Appellants
### V.
### K-TOWN MANAGEMENT, LLC D/B/A KTN US; IP INVESTMENTS, LTD.; ODES H. KIM; JI HONG PARK; AND CHUL SEUNG PARK, Appellees

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-12729**

## OPINION ON MOTION TO SET SUPERSEDEAS AMOUNT

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Chief Justice Wright

Before the Court is the motion of appellees K-Town Management, LLC d/b/a KTN US, IP Investments, Ltd., Odes H. Kim, Ji Hong Park, and Chul Seung Park to increase the amount appellants must post to suspend execution of the trial court's judgment to include the attorney's fees awarded by the trial court. *See* TEX. R. APP. P. 24.4 (party may seek review of trial court's ruling on amount of bond). We deny the motion and affirm the trial court's ruling.

Appellants sued appellees for business disparagement, slander of title, tortious interference, and libel arising from statements published in appellees' newspaper. Appellees moved to dismiss under the Texas Citizens Participation Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–27.011 (West 2015) ("TCPA"). The trial court granted the motion and awarded

appellees $33,683.87 for reasonable and necessary attorney's fees.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009.  The trial court's order also includes amounts for attorney's fees in the event of appeals to this Court and the Texas Supreme Court.

Appellants filed a cash deposit of $2,056 in lieu of a supersedeas bond.  This deposit covers only costs of court.  The trial court denied appellees' motion to raise the amount to include the attorney's fees awarded under the TCPA.  We review a trial court's ruling on the amount of a supersedeas bond for abuse of discretion.  *G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.).  But to the extent it turns on a question of law, we review the amount of a bond de novo. *Imagine Automotive Grp., Inc. v. Boardwalk Motor Cars, LLC*, 356 S.W.3d 716, 718 (Tex. App.—Dallas 2011, no pet.).

When a judgment is for money, the amount of the security must equal the sum of: (1) the amount of compensatory damages awarded in the judgment; (2) interest for the estimated duration of the appeal; and (3) costs awarded in the judgment.  TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a) (West 2015); TEX. R. APP. P. 24.2(a)(1).  The Texas Supreme Court has held that "compensatory damages" under section 52.006 do not include attorney's fees.  *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168 (Tex. 2013); *In re Corral-Lerma*, 451 S.W.3d 385 (Tex. 2015) (per curiam).  Appellees contend, however, that the TCPA provides a unique remedy of immediate redress and is to be construed liberally, so that the holdings of *Nalle Plastics* and *Corral-Lerma* do not apply to attorney's fees awarded under the TCPA.

Under section 27.009 of the TCPA, if a trial court orders dismissal of an action, it "shall" award attorney's fees to the moving party. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(1); *Cruz v. Van Sickle*, 452 S.W.3d 503, 522 (Tex. App.—Dallas 2014, pet. filed) (rejecting argument that attorney's fees award under TCPA is discretionary).  Section 27.009 provides:

§27.009.  Damages and Costs

(a) If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:

(1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and

(2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

(b) If the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party.

In *Nalle Plastics*, the supreme court interpreted the term "compensatory damages" used in section 52.006 of the civil practice and remedies code, which governs the amount of security to supersede a judgment.  The court explained that the enactment of Chapter 52 of the code was "part of House Bill 4, a 2003 comprehensive tort reform measure."  *Nalle Plastics*, 406 S.W.3d at 169.  The legislature created a "new balance" between the judgment creditor's right in the judgment and the judgment debtor's right to meaningful appellate review.  *Id.* at 170 (citing Elaine A. Carlson, *Reshuffling the Deck: Enforcing and Superseding Civil Judgments on Appeal after House Bill 4,* 46 S. TEX. L. REV. 1035, 1038 (2005)). After a review of case law addressing the difference between attorney's fees and damages, the court concluded:

These cases demonstrate the difference between compensation owed for an underlying harm and fees that may be awarded for counsel's services. . . . While attorney's fees for the prosecution or defense of a claim may be compensatory in that they help make a claimant whole, they are not, and have never been, damages. Not every amount, even if compensatory, can be considered damages. Like attorney's fees, court costs make a claimant whole, as does pre-judgment interest. Yet it is clear that neither costs nor interest qualify as compensatory damages. Otherwise, there would be no need to list those amounts separately in the supersedeas bond statute. *See* TEX. CIV. PRAC. & REM. CODE § 52.006(a) (security must be "equal [to] the sum of . . . the amount of compensatory damages awarded in the judgment[,]. . . interest for the estimated duration of the appeal[,] and . . . costs awarded in the judgment"); *see also Spradlin v. Jim Walter Homes,*

> *Inc.,* 34 S.W.3d 578, 580 (Tex. 2000) (noting that the Court gives effect to all words of a statute and does not treat any language as surplusage).

*Id.* at 173–74.

The question presented in *Corral-Lerma* was similar. *See Corral-Lerma*, 451 S.W.3d at 386. Corral-Lerma sued Border Demolition and Environmental, Inc. under the Texas Theft Liability Act, and Border Demolition counterclaimed for attorney's fees under the same Act. *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b)). The trial court granted summary judgment for Border Demolition and awarded $78,001 in attorney's fees through trial as well as conditional fees for appeal. *Id.* Although the trial court concluded that attorney's fees were not included in the security amount, the court of appeals disagreed, explaining that under the Theft Liability Act, an attorney's fees award "compensates or indemnifies a defendant for the legal expense he incurs in successfully defending a claim made against him under the Act." *See id.* (*quoting Corral-Lerma v. Border Demolition & Envtl., Inc.*, 420 S.W.3d 59, 64–65 (Tex. App.— El Paso 2012, order)).

Relying on *Nalle Plastics*, the supreme court granted mandamus relief and directed the court of appeals to withdraw its order. *Id.* at 388. Border Demolition sought to distinguish its award of attorney's fees from the attorney's fees awarded in *Nalle Plastics*, arguing that a prevailing defendant under the Texas Theft Liability Act must be awarded its attorney's fees even without an award of compensatory damages. *See id.* at 386 (citing damages provision of Texas Theft Liability Act, TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b)). The supreme court rejected this argument, explaining that "[t]his statutory distinction does not undermine the inherent differences between compensatory damages and attorney's fees we acknowledged in *Nalle Plastics*. On the contrary, we observed that '[w]hile attorney's fees for the prosecution or defense of a claim may be compensatory in that they help make a claimant whole, they are not, and have never been, damages.'" *Id.* at 386–87 (quoting *Nalle Plastics*, 406 S.W.3d at 173).

The court also rejected Border Demolition's argument that if attorney's fees were not included in the security, then there would be "essentially no security" during appeal. *See id.* at 387. The court noted that any other litigant who receives a compensatory damages award that is significantly smaller than an accompanying attorney's fees award is in the same position. *Id.* Because Chapter 52 reflects the legislature's intent to create a "new balance" between judgment debtors and creditors, it is the court's duty to "enforce the statute as we find it." *Id.* In sum, the court concluded that attorney's fees awarded under the Texas Theft Liability Act are not "compensatory damages" for "purposes of calculating the security amount necessary to supersede a judgment during appeal." *Id.* at 386.

In addition to following *Nalle Plastics* in breach of contract cases, this Court has considered whether attorney's fees awarded under the deceptive trade practices act for a groundless claim brought in bad faith are "compensatory damages" that must be superseded under section 52.006. *See Lopez v. RS Clark & Assocs., Inc.*, 396 S.W.3d 656, 657 (Tex. App.—Dallas 2013, no pet.) (on motion to review order requiring additional security to supersede judgment). In *Lopez*, the trial court specifically ruled that the attorney's fees awarded in the judgment were compensatory damages "to compensate [appellee] for its actual economic or pecuniary loss as a result of the bad faith maintenance of this groundless suit." *Id.* Relying on our opinion in *Imagine Automotive*, we reversed the trial court's order including the fees in the amount to be superseded, explaining that attorney's fees are not compensatory damages. *Id.*

We conclude that the analysis under *Nalle Plastics* and *Corral-Lerma* applies to attorney's fees awarded under the TCPA. Although title of the TCPA section addressing attorney's fees (quoted above) is entitled "*Damages* and Costs," TEX. CIV. PRAC. & REM. CODE ANN. § 27.009 (emphasis added), the heading of a section "does not limit or expand the meaning of a statute," as appellees recognize. TEX. GOV'T CODE ANN. § 311.024 (West 2013). But

appellees argue the substance of the provision nonetheless establishes that attorney's fees awarded under the TCPA are not "a form of ancillary relief," but are awarded "as compensatory damages for the injury that the judicial system immediately caused to the defendant because the system was abused by the plaintiffs." They do not point to specific language in section 27.009 to support their interpretation, relying instead on the general purposes of the TCPA.

The supreme court has explained that the TCPA "endorses a summary process" to accomplish its purpose "to identify and summarily dispose of lawsuits designed only to chill First Amendment rights." *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015). We have recently noted that "[t]he stated purpose of the [TCPA] is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *ExxonMobil Pipeline Co. v. Coleman*, No. 05-14-00188-CV, 2015 WL 2206466, at *3 (Tex. App.—Dallas May 12, 2015, no pet. h.).

There is nothing in the language of section 27.009 to indicate that the attorney's fees provided constitute "compensation owed for an underlying harm" in accordance with the purpose of the TCPA rather than "fees that may be awarded for counsel's services" in defending a claim. *See Nalle Plastics*, 406 S.W.3d at 173–74. As we concluded in *Lopez*, even attorney's fees incurred in defending a bad faith and groundless suit are not "compensatory damages." *See Lopez*, 396 S.W.3d at 657. Without statutory language to support a departure from the analysis of *Nalle Plastics* and *Corral-Lerma*, we deny appellees' motion to increase the amount to supersede the trial court's judgment to include attorney's fees.

We affirm the trial court's order.

150353F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE