**DRAKE INTERIORS, INC., Appellant**

v.

**Andrea Marie THOMAS and Robert Warren Thomas, Appellees**

NO. 14-17-00374-CV

Court of Appeals of Texas,
Houston (14th Dist.).

Filed September 7, 2017

Chris P. Di Ferrante, Houston, TX, Robert Warren Thomas, Redondo Beach, CA, for Appellees.

Stephen A. Mendel, Robert Daniel O'Conor, John Kevin Raley, Houston, TX, for Appellant.

Panel consists of Justices Boyce, Christopher, and Brown.

## OPINION ON MOTION FOR REVIEW OF SUPERSEDEAS ORDER

### PER CURIAM

The judgment on appeal declares that appellant Drake Interiors, Inc. does not have a lien on certain property (the Asbury Property) owned by appellee Andrea Marie Thomas, expunges the lis pendens filed by Drake with respect to the Asbury Property, and awards Andrea attorney's fees.[1] The trial court set the amount of the security required to supersede the judgment pending appeal at $70,000. Drake filed a motion in this court challenging that order. See Tex. R. App. P. 24.4(a). We conclude Drake has not satisfied its burden to show the trial court abused its discretion with respect to the supersedeas order. Accordingly, we deny the motion.

<hr />

1. According to the parties, defendant Robert Warren Thomas filed an answer in the trial court but never appeared again or requested any relief. The trial court's judgment does not mention Robert, Robert did not participate in the supersedeas proceedings, and Robert has not appeared in this appeal.

## BACKGROUND

The underlying dispute in this case is whether a judgment lien Drake holds attached to the Asbury Property, which Andrea owns and where she lives. This is the second appeal in this matter. In the first appeal, we held an abstract of judgment may create a lien on a home jointly managed as community property if the judgment is based on the premarital debt of only one spouse. We remanded for further proceedings because there was insufficient proof of whether Drake's judgment lien in fact attached and whether the Asbury Property was protected as a homestead when the abstract of judgment was first recorded. See Drake Interiors, L.L.C. v. Thomas, 433 S.W.3d 841, 843 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). This appeal is from the judgment on remand.

### A. Judgment on appeal

Drake sought a declaratory judgment that the judgment lien attached to the Asbury Property and Drake was entitled to execute the lien against it. Andrea counterclaimed for a declaratory judgment that the lien did not attach to the Asbury Property. She also sought cancellation of the lis pendens Drake filed in 2009 regarding the Asbury Property. Each party petitioned for attorney's fees.

Both parties moved for summary judgment on their claims for declaratory relief. The trial court denied Drake's motion and granted Andrea's motion in October 2016, leaving the issue of attorney's fees for later disposition.

On April 25, 2017, the trial court signed a final judgment that repeated the rulings

of the October 2016 order and awarded attorney's fees to Andrea. The judgment:

- declares that Drake's judgment lien did not attach to the Asbury Property;
- orders that Drake take nothing on its claim for declaratory relief;
- orders Drake to release the lis pendens;
- awards Andrea approximately $45,000 in attorney's fees for work performed to that point; and
- conditionally awards Andrea up to $22,000 in attorney's fees for appellate work.

### B. Supersedeas

Drake and Andrea each filed motions with respect to the security required to supersede the judgment pending appeal. Drake moved to stay execution of the judgment without posting security. Andrea opposed Drake's motion and contended security should be set at the property's rental value for two years. Her motion stated she would provide evidence of that value at the hearing on the parties' motions. In its reply in support of its motion, Drake modified the relief sought. It first asked the court to set a bond or cash amount in a "nominal" amount but did not quantify that amount. Alternatively, Drake repeated its original request to stay execution of the judgment without posting security.

The trial court heard both motions in June 2017. Andrea testified and offered documentary evidence in support of her motion. Drake did not call witnesses or offer evidence.

Andrea testified she had held a sales person's license from the Texas Real Estate Commission for the past fifteen years. According to Andrea's analysis, the rental value of properties comparable to the Asbury Property was $3,000 to $3,100 per month. She offered exhibits regarding seven such properties. Her exhibits were admitted without objection. Drake stipulated to Andrea's qualifications to testify about rental value but not to her analysis or conclusion.

On cross-examination, Andrea admitted she had not tried to find a renter for the Asbury Property. She said the appeal was damaging her in that she was prevented from either selling the Asbury Property or moving out and renting it to someone else.

The trial court used the evidence of the Asbury Property's rental value to set the security required to supersede the judgment pending appeal. The court set the amount at $70,000, which is slightly less than two years' worth of rent according to Andrea's testimony.

### ANALYSIS

### I. Law on supersedeas

#### A. Rule 24

Texas Rule of Appellate Procedure 24 addresses suspension of enforcement of a judgment pending appeal in civil cases. Under rule 24.1, "[u]nless the law or these rules provide otherwise, a judgment debtor may supersede the judgment by" filing an agreement with the judgment creditor for suspending enforcement of the judgment, posting a bond, making a deposit in lieu of a bond, or providing alternate security as ordered by the court. Tex. R. App. P. 24.1(a). The amount of security required depends on the type of judgment. *See* Tex. R. App. P. 24.2(a).

A money judgment may be superseded by a bond, deposit, or security equal to the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment, subject to certain limitations. *See* Tex. R. App. P. 24.2(a)(1). To

supersede a judgment for the recovery of an interest in real property, the amount of security must be at least the value of the property interest's rent or revenue. Tex. R. App. P. 24.2(a)(2)(A). When the judgment is "for something other than money or an interest in property," the trial court must set the amount and type of security the judgment debtor must post. Tex. R. App. P. 24.2(a)(3). The trial court may decline to permit the judgment debtor to supersede the judgment, however, if the judgment creditor posts "security ordered by the trial court in an amount and type that will secure the judgment debtor against any loss or damage caused by the relief granted" should an appellate court determine that the relief was improper. *Id.*

### B. Standard of review

 We review the trial court's supersedeas ruling for an abuse of discretion. *Abdullatif v. Choudhri*, No. 14-16-00116-CV, —— S.W.3d ——, ——, 2017 WL 2484374, at *2 (Tex. App.—Houston [14th Dist.] June 8, 2017, mand. denied); *O.C.T.G., L.L.P. v. Laguna Tubular Prods. Corp.*, No. 14-16-00210-CV, 525 S.W.3d 822, 828–29, 2017 WL 2451946, at *5 (Tex. App.—Houston [14th Dist.] June 6, 2017, mand. denied); *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2005, order), *disp. on merits*, 207 S.W.3d 801 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). Generally, the test for an abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or whether the trial court acted arbitrarily and unreasonably. *See McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995); *O.C.T.G.*, 2017 WL 2451946, at *5. However, a trial court has no discretion in determining what the law is and applying the law to the facts. *See Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 623–24 (Tex. 2005). A failure

by the trial court to analyze or apply the law correctly is an abuse of discretion. *Id.* To the extent the ruling turns on a question of law, our review is de novo. *Abdullatif*, —— S.W.3d at ——, 2017 WL 2484374, at *2; *Mansik & Young Plaza LLC v. K-Town Mgmt., LLC*, 470 S.W.3d 840, 841 (Tex. App.—Dallas 2015, op. on motion), *disp. on merits*, No. 05-15-00353-CV, 2016 WL 4306900 (Tex. App.—Dallas Aug. 15, 2016, no pet.) (mem. op.).

### II. The trial court did not abuse its discretion by not setting security at $0 or $500.

The parties disagree on the type of the judgment on appeal. Drake contends it is for something other than money or a property interest and therefore controlled by rule 24.2(a)(3). Andrea contends it is a judgment for the recovery of an interest in real property and therefore controlled by rule 24.2(a)(2). Even assuming Drake is correct, Drake did not satisfy its burden of proof on its motion to set the security at $0 or a "nominal amount."

### A. Burden of proof

 Texas law is clear that a judgment debtor seeking to supersede a money judgment bears the burden to prove its net worth. Tex. R. App. P. 24.2(a)(1); *see Hunter Bldgs. & Mfg., L.P. v. MBI Global, L.L.C.*, 514 S.W.3d 233, 238 (Tex. App.—Houston [14th Dist.] 2013, order) (per curiam), *disp. on merits*, 436 S.W.3d 9 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *Ramco*, 171 S.W.3d at 910. A judgment debtor seeking to lower the amount of security also has the burden to prove it will suffer substantial economic harm of the amount is not decreased. Tex. Civ. Prac. & Rem. Code Ann. § 52.006(c) (West 2015); Tex. R. App. P. 24.2(b); *Ramco*, 171 S.W.3d at 910.

■ No Texas case appears to discuss which party bears the burden to establish the amount of security required for a non-money judgment. However, we see no reason that the party seeking to stay enforcement of a judgment for a recovery of a property interest under rule 24.2(a)(2) or a judgment for something other than money or property under 24.2(a)(3) would not likewise bear the burden to offer at least some evidence of the amount of security required.

## B. Supersedeas of judgment expunging lis pendens

■ A lis pendens provides constructive notice of pending litigation concerning certain property. *See Sommers v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 754 (Tex. 2017). A lis pendens does not prevent sale of the property. *See Neel v. Fuller*, 557 S.W.2d 73, 76 (Tex. 1977) ("If two litigants claim the ownership to a tract of land in a lawsuit, and if lis pendens has been filed, either of the litigants may freely convey to third parties . . . ."). However, a lis pendens has been described as "a cloud on title" and "the functional equivalent of an involuntary lien." *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 5 (Tex. App.—Austin 2007, pet denied) (quoting *FDIC v. Walker*, 815 F.Supp. 987, 990 (N.D. Tex. 1993)).

■ Underlying Drake's request to stay enforcement of the judgment without security [2] is an assumption that continuation of the lis pendens—a continuation of a cloud on her property—will cause no harm to Andrea. Drake did not provide the trial court or this court with any authority (or evidence) to support that assumption, nor

have we found any. Absent such authority, we are unwilling to hold that enforcement of a judgment expunging a lis pendens may be stayed without security.

### CONCLUSION

We express no opinion on whether rental value is a proper benchmark for calculating the harm a lis pendens may cause. We hold only that, on this record, we cannot say the trial court abused its discretion in setting some amount of security.

We deny Drake's motion.

---

**2.** In its reply in support of its trial court motion, Drake asserts security should be set either at $0 or a "nominal" amount. Drake did not quantify that nominal amount in its reply or at the hearing on the parties' supersedeas motions. It was not until its motion for review in this court that Drake offered $500 as such a nominal amount. The trial court cannot have abused its discretion in not setting the security required at $500 when Drake did not ask the trial court to do so.