**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 20, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-01078-CV

---

### IN RE GLYNN AND MELINDA WALKER, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 15-CV-0354-A**

---

## MEMORANDUM OPINION

On December 17, 2018, relators Glynn and Melinda Walker filed a petition for a writ of mandamus, a writ of injunction, and a writ of prohibition in this court regarding real property at 1508 Galveston Road, Bolivar Peninsula, Texas (the "real property"). *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. Relators' petition asks this court to: (1) compel the trial court to vacate

its order granting Defendants' Motion to Expunge Lis Pendens signed on July 2, 2018, (2) prohibit the trial court from ordering the sale of the real property, and (3) to enjoin the real parties-in-interest William Ralph Layne Walker and Ronald Linn Walker and their realtor from engaging in any activity that would result in the sale of the real property.

Pending before our court is case number 14-18-00569-CV, in which relators have appealed the trial court's (1) Order granting final summary judgment and, (2) Order Granting Defendants' Motion to Expunge Lis Pendens. Relators' petition effectively asks this court to reverse or suspend enforcement of the Order Granting Defendants' Motion to Expunge Lis Pendens and enjoin any sale of the real property during the pendency of the appeal. Relator also has filed an emergency motion for temporary relief, asking for a stay of the Order that has been appealed. *See* Tex. R. App. P. 52.10.

With certain exceptions not applicable here, to obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A party seeking a writ of prohibition must show (1) that it has no other adequate remedy at law, and (2) that it is clearly entitled to the relief sought. *See In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding); *In re Gallardo*, No. 13-14-00203-CV, 2015 WL 730920, at *4 (Tex. App.—Corpus Christi Feb. 19, 2015, orig. proceeding) (mem. op.). "The issuance of an extraordinary writ, such as a writ of injunction, is not authorized when there is another adequate remedy." *In re Young*, No. 01-13-01011-CV, 2013 WL

2

6670861, at *1 (Tex. App.—Houston [1st Dist.] Dec. 17, 2013, orig. proceeding) (mem. op.).

Relators have not established that they lack an adequate remedy at law either through their appeal in case number 14-18-00569-CV or through the procedures for suspending enforcement of the Order Granting Defendants' Motion to Expunge Lis Pendens provided for by Texas Appellate Procedure 24.1. *See* Tex. R. App. P. 24.1; *Drake Interiors, Inc. v. Thomas*, 531 S.W.3d 325 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *In re Young*, 2013 WL 6670861, at *1 (Relator could prevent enforcement of the judgment against him during the pendency of his appeal by superseding the judgment in accordance with Texas Rule of Appellate Procedure 24 .1). We therefore deny relators' petition for writ of mandamus, writ of injunction, and writ of prohibition, and motion for temporary relief.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jewell.